IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LANCE DAVIDSON,                )
                               )
        Plaintiff,              )
                               )
vs.                            )    Case No. 17−cv–1400−NJR
                               )
JOHN BALDWIN,                  )
                               )
        Defendant.              )

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Lance Davidson, an inmate of the Illinois Department of Corrections ("IDOC") currently housed at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks monetary compensation and immediate release from custody.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim

1

that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. "*ID*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## The Complaint

Plaintiff alleges that he was sentenced to three years in IDOC custody on June 28, 2016. (Doc. 1, p. 2). The sentence was to be served at 50% with one year mandatory supervised release. *Id.* Plaintiff also was awarded 128 days credit for time served in the Montgomery County Jail. *Id.* Plaintiff filed several post-trial motions and, on July 28, 2017, Judge James Roberts signed an amended judgment which sentenced Plaintiff to two years' time in the IDOC and one year supervised release with 128 days' credit for time served, time to be served at 50%. *Id.* Plaintiff contends that this adjustment means that he should have been released on February 25, 2017. *Id.* Plaintiff believes that the IDOC should have given him credit for the time period of February 25 through August 4, 2017. *Id.*

## Discussion

As an initial matter, Plaintiff has asked for immediate release as part of his relief. Plaintiff cannot seek that relief as part of a § 1983 action. A petition for a writ of habeas corpus is the proper route, "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). If, however, the prisoner "is seeking a different program or location or environment, then he is

2

challenging the conditions rather than the fact of confinement and his remedy is under civil rights law." *Id.*; *see also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Section 1983 jurisdiction is displaced if the habeas corpus remedy applies. *Lumbert v. Finley*, 735 F.2d 239, 242 (7th Cir. 1984). Plaintiff cannot bring a request for habeas relief and a request for relief pursuant to § 1983 in the same lawsuit. As Plaintiff's Complaint affirmatively states that he is proceeding under § 1983 and makes no mention of habeas, the Court will dismiss the habeas request from this action. Plaintiff may file a separate habeas action, if necessary.

As currently pleaded, Plaintiff's § 1983 claim fails to state a claim upon which relief can be granted. Plaintiff alleges that the IDOC refuses to award him credit for the time period between February 25, 2017 and August 4, 2017, which he is due because a state court judge issued an order reducing his sentence. The fact that the time at issue has been awarded by a judge after a post-trial motion suggests that Plaintiff has cleared the bar set by *Heck v. Humphrey*, 512 U.S. 477, 486 (1994), and the Court will presume that Plaintiff has done so at the pleading stage.

The next question is whether Plaintiff has stated a claim under the Eighth or Fourteenth Amendments. The Eighth Amendment prohibits cruel and unusual punishment and the Fourteenth Amendment prohibits government officials from depriving a person of liberty. Obviously, Plaintiff's claim that he is being held contrary to his sentence implicates his liberty interest. *Toney-El v. Franzen*, 777 F.2d 1224, 1228 (7th Cir. 1985). Due process claims can be procedural or substantive. Procedural claims challenge the procedure employed prior to the deprivation. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Plaintiff has not put any policy or procedure at issue here. The only defendant he has named is John Baldwin, and the Complaint is silent as to whether Baldwin is named in his official or individual capacity. There is some suggestion that Plaintiff intended to name

Baldwin in his official capacity, because the statement of claim only references the IDOC,[1] and Baldwin is the head of that agency. But as the Complaint does not clearly put a policy or procedure at issue, Baldwin's inclusion is insufficient to state a procedural due process claim.

Additionally, there is no violation of the Due Process Clause where the state has adequate post-deprivation remedies. A plaintiff must show both that a state official committed a "random and unauthorized" act, and that the state itself has no adequate post-deprivation remedy to address the negligent or intentional violation of state procedures. *Parratt v. Taylor*, 451 U.S. 527, 541-44 (1981); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). It is not clear what remedies the Plaintiff pursued to secure his release prior to bringing this suit, and Plaintiff has not alleged that there are no adequate post-deprivation remedies available. Thus, Plaintiff has not adequately stated a procedural due process claim.

The case law on a substantive due process right suggests that it is improper to consider the substantive due process clause if the claim is covered by a specific constitutional amendment. *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998); *Graham v. Connor*, 490 U.S. 386, 395 (1989); *Childress v. Walker*, 787 F.3d 433, 438 (7th Cir. 2015). Subjecting a prisoner to detention beyond the end of his sentence violates the Eighth Amendment's proscription against cruel and unusual punishment. *Childress*, 787 F.3d at 438; *Armato v. Grounds*, 766 F.3d 713, 721 (7th Cir. 2014); *Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001). For this reason, Plaintiff's claim is likely best analyzed under the Eighth Amendment.

Regardless, Plaintiff has not articulated a claim under either the substantive due process clause or the Eighth Amendment. Both constitutional provisions require Plaintiff to show that someone was deliberately indifferent to his plight. *Daniels v. Williams*, 474 U.S. 327, 328 (1986)

---

[1] Failure to include a defendant's name in the statement of claim, as Plaintiff has done here, is normally grounds for dismissal. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

4

(due process clause not implicated by negligent act of official causing unintended loss of liberty); *Campbell*, 256 F.3d at 700 ("[T]he courts that have recognized this problem have been careful to note that the extended incarceration must also be the product of deliberate indifference before a constitutional violation, as opposed to an error of state law, is implicated."). Deliberate indifference means that officials knew that a prisoner risked serving or was actually serving unwarranted punishment and failed to act. *Childress*, 787 F.3d at 440.

Here, Plaintiff has not alleged that Baldwin personally knew that Plaintiff was actually serving unwarranted punishment, or that Baldwin knew that Plaintiff was at a substantial risk of serving unwarranted punishment and failed to act. In the absence of such allegations, Plaintiff has failed to state a claim against Baldwin under the Eighth Amendment. The Court will therefore dismiss Plaintiff's claims against Baldwin without prejudice. Plaintiff may file an amended complaint if he so desires.

**Pending Motions**

On February 1, 2018, Plaintiff filed a Motion to Expunge Doc. 5, which was filed as "Exhibits," and Doc. 4, a Motion for Leave to Proceed in forma pauperis ("IFP"). (Doc. 6). Plaintiff states that Docs. 4 and 5 were mistakenly e-filed by Menard's law library, and that he had only requested copies. (Doc. 6). Plaintiff appears to be under the impression that the Motion for Leave to Proceed IFP is a duplicative filing. (Doc. 6, p. 1). But although Plaintiff submitted a trust fund statement with his Complaint, he did not actually file an IFP motion until January 26, 2018, and Doc. 4 is the only IFP motion on file in this case. Moreover, the trust fund submitted in connection with Doc. 4 is not identical to the one previously submitted. Thus, Doc. 4 is not duplicative, and the Court declines to strike it on those grounds. Plaintiff's other reasons for striking the documents are that (1) they are attorney-client privileged correspondence; and (2) they are not relevant to this case.(Doc. 6). Neither of those reasons applies to Doc. 4; it is not an attorney-client privileged communication, and it is relevant to the issue of whether Plaintiff can proceed IFP. The Court has already granted IFP on

the basis of Doc. 4. (Doc. 9). Because the Court has already granted the motion, and Plaintiff has not paid the full filing fee in this action, it would not be appropriate to strike Doc. 4. The Court will, however, strike Doc. 5 at Plaintiff's request. Plaintiff's Motion to Expunge (Doc. 6) is therefore **GRANTED in part** and **DENIED in part**.

Plaintiff also has filed a motion to receive documents via regular mail, not electronically. (Doc. 8). While the Court will send Plaintiff file-stamped copies of any copies that he submits in connection with his filings, inmates do not have the choice of opting out of the Court's e-filing program. Plaintiff's request (Doc. 8) is therefore **DENIED**.

## Disposition

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED without prejudice**. Plaintiff's Motion to Expunge (Doc. 6) is **GRANTED in part** and **DENIED in part**. The Clerk is **DIRECTED** to **STRIKE** the pleading filed at Doc. 5. Plaintiff's Motion to Receive Documents via Regular Mail (Doc. 8) is **DENIED.**

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, stating any facts which may exist to support his claims, on or before **March 28, 2018**. An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff also must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is warned, however, that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the Amended Complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: February 21, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**